ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LOTTIE MAE STANLEY,<br>        Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. 4:11-CV-364-Y |
| JOE KEFFER, Warden,<br>FMC-Carswell,<br>        Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Lottie Mae Stanley, Reg. No.06186-067, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

### C. PROCEDURAL HISTORY

Petitioner is serving a sentence of 125 months' confinement on her 2003 conviction for bank fraud in the United Stats District Court for the Eastern District of Missouri. *See* PACER, CM/ECF,

Criminal Docket for Case # 4:03-CR-CEJ-1.  By way of this petition, petitioner challenges the

Bureau of Prisons' (BOP) calculation of her sentence.  Specifically, petitioner claims her sentence

was wrongfully enhanced by two points based on an escape charge that did not occur, and, as a

result, she should have been sentenced to 105 months. (Pet'r Supplement/Memorandum[1]) Petitioner

seeks an order by the court instructing the BOP to "correct" the information in her presentence report

(PSR), her criminal history category, and her sentence calculation accordingly, to notify the

sentencing court to reduce her sentence by 20 months, and to release her on time served.  (*Id.*; Pet'r

Reply at 1-2)

    Petitioner sought postconviction relief by filing numerous § 2255 motions in the convicting

court.  (Resp't Resp. at 2)  More recently, petitioner also filed motions in that court to correct her

criminal history category in her PSR and for downward departure on the same or similar grounds

raised herein, to no avail. (Resp't App. at 1-5)  The convicting court has prohibited petitioner from

filing any further motions concerning her sentence without leave of court.  (Resp't App. at 4-5)

Additionally, petitioner has filed two previous § 2241 petitions in this court.   The first was

voluntarily dismissed at petitioner's request after the BOP recalculated her sentence computation in

September 2010.  *Stanley v. Keffer*, Civil Action No. 4:10-CV-655-Y.  The second, raising the same

or similar claim raised herein, was denied.  *Stanley v. Keffer*, No. 4:11-CV-178-A.

## D. DISCUSSION

    Typically, § 2241 is used to challenge the manner in which a sentence is executed.  *See*

*Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Section 2255, on the other hand, is the primary

means under which a federal prisoner may collaterally attack the legality of his conviction or

---

[1]This document is not paginated.

sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first motion for postconviction relief, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has not demonstrated that her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense or that her claim was foreclosed at the time of her trial, appeal, or postconviction motions. Instead, the claim has been raised and rejected by the convicting court, either on substantive or procedural grounds, and petitioner is prohibited from filing further challenges to her sentence in that court. Petitioner may not rely on § 2241 to avoid the hurdles she faces in the convicting court. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (citing *Toliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000)

3

(holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Thus, she is not entitled to use the savings clause of § 2255 to challenge her sentence under § 2241.

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that petitioner's petition for writ of habeas corpus under § 2241 be DISMISSED for want of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 14, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 14, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September ___23___, 2011.


_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5